IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 11-cv-02781-LTB

LARRY GAUNA

        Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of Social Security,

        Defendant.

___

ORDER
___

This matter is before me on Plaintiff's Motion for An Award of Attorney's Fees Under The Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Doc #19) filed by Plaintiff Larry Gauna following my order reversing and remanding the Social Security Administration ("SSA") Commissioner's final decision denying his applications for disability benefits. After reviewing the Parties' briefing on the matter, I grant Plaintiff's EAJA application.

In this case, Plaintiff appealed the Commissioner's decision denying Plaintiff's application Disability Insurance Benefits ("DIB"), filed pursuant to Title II of the Social Security Act (the "SSA"), 42 U.S.C. §§ 401-433. I found that the ALJ committed legal error in concluding that Plaintiff was capable of light work without having undertaken the function-by-function analysis required by the Commissioner's own interpretation of the applicable regulations. I therefore reversed the disability determination and remanded to the Commissioner for further proceedings.

Plaintiff now seeks attorney fees pursuant to the EAJA, which provides, in relevant part:

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). As interpreted by the Supreme Court, "substantially justified" means "'justified in substance or in the main'– that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). Stated differently, the test is whether there is a "reasonable basis in both law and fact" for the Commissioner's position. *Id.*, 108 S.Ct. at 2550; *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995), *cert. denied* 116 S.Ct. 49 (1995). Although the term "'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness," *Pierce*, 108 S.Ct. at 2550, "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact," *id.* at 2550 n.2. For this reason, a finding that the Commissioner's position was not supported by substantial evidence does not necessarily lead to a finding that the Commissioner's position was not substantially justified. *Hadden v. Bowen*, 851 F.2d 1266, 1268-69 (10th Cir. 1988).

The Commissioner bears the burden of demonstrating that her position was substantially justified. *Gilbert*, 45 F.3d at 1394. I have discretion in determining whether this standard has been met. *Pierce*, 108 S.Ct. at 2548-49; *Stephenson v. Shalala*, 846 F.Supp. 49, 50 (D. Kan. 1994). In exercising that discretion, I must consider the case "as an inclusive whole, rather than

as atomized line items." *Comm'r, Immigration and Naturalization Serv. v. Jean*, 496 U.S. 154, 162, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990). "Being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." *Jackson v. Chater*, 94 F.3d 274, 279-80 (7th Cir. 1996).

Although the Commissioner sets forth these legal precepts in her brief, she nevertheless fails to carry her burden to demonstrate that her position "during the entirety of the civil action" was substantially justified. Rather, she has done little more than simply reiterated her arguments which were found to be legally and factually insufficient initially. The Commissioner's position cannot have been reasonable in light of the clear language of her own policy guidelines. The Commissioner, as discussed in my order, failed to comply with the language and directives when determining Plaintiff's residual functional capacity ("RFC"). The ALJ's opinion did not contain sufficient detail to allow the conclusion that Plaintiff had the RFC for all the physical demands of light work. *See Ray v. Colvin*, 2014 WL 811674 at *3 (D. Colo. Mar. 3, 2014). The Commissioner therefore has failed to meet her burden of proof on the issue of substantial justification. Accordingly, Plaintiff is entitled to an award of attorney fees.

Plaintiff requests attorney fees in the amount of $5,861.13 for 31.3 hours of work on this litigation. The Commissioner presents no argument that the enhanced hourly rate requested by Plaintiff's counsel is excessive or that the total amount of time expended or the total amount of fees requested are unreasonable. Moreover, my own experience suggests that the hours expended are reasonable and the fees requested comparable to awards made under the EAJA in similar cases. *See Comm'r v. Jean*, 496 U.S. at 154 (holding that fees awarded under EAJA may include the fees incurred in litigating the fee dispute itself); *Brodeur v. Astrue*, 2010 WL

4038611, at *1 (D.Colo. Oct. 14, 2010) (awarding Plaintiff's entire fee request, including fees based on time spent in connection with Plaintiff's Reply to Defendant's Objection to Motion for EAJA Fees).

I therefore find and conclude that Plaintiff is entitled to the entirety of his requested fees. However, I agree with the Commissioner that the check must be made out to Plaintiff, not Plaintiff's counsel.  *See* 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses . . . in any civil action . . . brought by or against the United States" (emphasis added)); *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529-30 (2010) (Sotomayor, J., concurring) ("I agree that the text of the Equal Access to Justice Act (EAJA) and our precedents compel the conclusion that an attorney's fee award under 28 U.S.C. § 2412(d) is payable to the prevailing litigant rather than the attorney." (emphasis added)); *Brown v. Astrue*, 271 F. App'x 741, 743 (10th Cir. 2008) (unpublished) (*discussing Manning v. Astrue*, 510 F.3d 1246 (10th Cir. 2007)); *see also* 31 U.S.C. § 3727.

Accordingly, it is ORDERED as follows:

1. Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 **[Doc. # 19]**, filed April 23, 2013, is GRANTED; and

    2.        Plaintiff is AWARDED $5,861.13 in attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). The check for fees shall be made out to Plaintiff and sent to Plaintiff's counsel's office.

Dated:   June  9 , 2014, in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK,  JUDGE